UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| In the matter of the complaint of Jason Munson, as the alleged owner of a certain "1979 26' Cal Sailboat bearing Hull Identification Number CABAO138M781, and her engines, tackle, appurtenances, etc." <br><br> For exoneration from, or limitation of, liability. | No. 2:21-cv-00418-KJM-CKD <br><br> ORDER |

Plaintiff-in-limitation Jason Munson has filed this action in admiralty for limitation of liability under the Limitation of Shipowner's Liability Act, 46 U.S.C. § 30501 *et seq*. (Limitation Act). Plaintiff alleges he owns a sailboat that "came loose from its moorings at Camp Richardson Marina ('Marina') on Lake Tahoe, a navigable waterway of the United States, during a windstorm and is believed to have collided with at least two (2) other vessels that had also come loose from their moorings on Lake Tahoe, resulting in damages to the vessels ('Incident')." Compl. ¶ 8, ECF No. 1. While plaintiff-in-limitation identifies possible claimants in relation to this incident, he is unaware of any pending actions. *See id*. ¶ 18. The court **grants** the ex parte motion.

A primary purpose of the Limitation Act is to create a venue for determining liabilities for "marine casualties" when the value of the claims exceeds the value of the vessel. *Anderson v.*

1

*Nadon*, 360 F.2d 53, 57 (9th Cir. 1966). It "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The Limitation Act is "not a model of clarity." *Id*. at 447. Indeed, the Supreme Court found in the late nineteenth century that the Act was "incapable of execution" without "further instructions" and thus designed and adopted a set of procedures now found in the Supplemental Rules for Admiralty or Maritime Claims. *See id*. (citing *Norwich & N.Y. Transp. Co. v. Wright*, 13 Wall. 104, 121 9 (U.S. 1871)). Under these rules, the owner of a vessel who wishes to invoke the protections of the Limitation Act files an action in federal district court. *See id*. at 447–48. The district court then secures the value of the vessel or the owner's interest in the vessel, orders all claimants to appear, and "enjoins the prosecution of other actions with respect to the claims." *Id*. at 448. The court adjudicates these claims without a jury, determines whether the vessel owner is liable and may limit liability, determines the validity of the claims, and distributes the limited fund if appropriate. *See id*.

The specific procedures Mr. Munson invokes are found at Supplemental Admiralty and Maritime Claims Rule F. Mr. Munson moves ex parte for orders as required by that Rule. That Rule includes four basic requirements.

First, the action must be filed in a "district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability. . . . When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be." Rule F(9). Here, no complaint has been filed and the vessel has not been attached or arrested. *See* Compl. ¶¶ 19–20. Venue is appropriate in this District because the "[v]essel is presently within the Eastern District of California." *Id*. ¶ 5.

Second, Rule F imposes pleading requirements. The complaint must state (1) "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited"; (2) "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination";

(3) "the amount of all demands . . . arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon"; (4) "whether the vessel was damaged, lost, or abandoned, and, if so, when and where"; (5) "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are"; and (6) "the amount of any pending freight recovered or recoverable." Rule F(2). The complaint here satisfies these pleadings requirements: Mr. Munson sufficiently describes the accident, in which three boats, including his, came undocked in a storm, collided with each other, and washed to shore. *See* Compl. ¶ 8. To his knowledge, "[t]here are no actions or proceedings currently pending, in contract or in tort or otherwise, arising out of the above-described incident," *id.* ¶ 18; he also is not aware of any current amounts demanded by interested parties, *id.* ¶ 20. Mr. Munson does allege names of potential parties he believes are subject to this action and their involvement in the alleged incident. *See id.* ¶¶ 8–12. Additionally, Mr. Munson has pled his alleged interests and liabilities, the estimated value of the sailboat, and its current location. *See id.* ¶¶ 8–24.

Third, plaintiff must deposit a sum equal to the vessel's value, or the owner's interest in the vessel, as security. Rule F(1). Alternatively, the owner may file a stipulation of value. *In re Oregon Sealark, LLC*, No. 19-CV-04305-DMR, 2019 WL 5538938, at *2 (N.D. Cal. Oct. 28, 2019) (citing *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 212 (1927)). The amount of security is not a final estimate of the vessel's value; a claimant may move to increase the amount. *See* Rule F(7); E.D. Cal. L.R. 520(a). Mr. Munson estimates the value of his interest at $7,270.00 and has provided a stipulation identifying the vessel's value as such. *See* Compl. ¶ 24; ECF No. 4-6 (Stipulation for Value and Costs and Letter of Undertaking).

Fourth, in addition to plaintiff's deposit of a sum equal to the vessel's value, "plaintiff shall also give security for costs and . . . for interest at the rate of 6 percent per annum from the date of the security." Rule F(1). This court's Local Rules set the value of this security at $1,000. *See* E.D. Cal. L.R. 520(b). The stipulation Mr. Munson has provided identifying the vessel's value also confirms GEICO Marine Insurance Company has issued a letter of undertaking as

/////

1  surety, agreeing to satisfy not only the $7,270 value of the vessel but also $1,000 in costs.  *See*
2  ECF Nos. 4-6, 4-7.  The court accepts the stipulation.

3        If the plaintiff complies with the above requirements, as Mr. Munson has here, the court
4  issues a "monition," i.e., gives notice to anyone with potential claims that those claims must be
5  adjudicated in the issuing federal district court and directing the submission of claims within 30
6  days of this order.  *See* Rule F(4).  A notice must be published weekly for at least four weeks in
7  an appropriate newspaper, and the plaintiff must also "mail a copy of the notice to every person
8  known to have made any claim."  *Id*.  Mr. Munson has proposed giving notice in the *Tahoe Daily*
9  *Tribune* for the periods required by Rule F(4), leaving it to the court to decide the final day on
10 which claimants can bring their actions.  *See* ECF No. 4-10.  The court here requires interested
11 parties to file their claims within thirty days from the last date of publication of the notice.

12       A plaintiff who complies with these requirements is entitled to an injunction "prohibiting
13 or ending 'all claims and proceedings against the owner or the owner's property with respect to
14 the matter in question.'"  *In re Oregon Sealark, LLC*, 2019 WL 5538938, at *3 (quoting Rule
15 F(3)).  Mr. Munson has proposed an appropriate injunction.  *See* ECF No. 4-9.

16       Accordingly, the court **grants** Mr. Munson's ex-parte motion, ECF No. 4.  The court
17 directs Mr. Munson to deposit the $1,000 security for costs and $7,270 estimated vessel value, a
18 total of $8,270, with the Clerk of Court within seven (7) days of this order.  *See* E.D. Cal. L.R.
19 520(c).

20       The orders requested in Mr. Munson's ex parte motion will issue separately.
21 Mr. Munson's request for hearing, ECF No. 5, is denied as **moot.**  All hearing dates are vacated.
22       This order resolves ECF Nos. 4 and 5.
23 IT IS SO ORDERED.
24 DATED: April 23, 2021.

CHIEF UNITED STATES DISTRICT JUDGE