UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MUNSON,<br><br>    Plaintiff,<br><br>v.<br><br>1979 26 CAL SAILBOAT,<br><br>    Defendant. | No. 2:21-cv-0418-KJM-CKD<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 23) |

On March 9, 2021, plaintiff Jason Munson ("limitation plaintiff") filed a complaint under the Limitation of Liability Act, 46 U.S.C. Section 30501 et seq., claiming the right to exoneration from liability, or limitation thereof, for all claims arising out of a water vessel crash that occurred on or about September 8, 2020. (ECF. No. 1.) Plaintiff's motion for default judgment against "all claimants who have not filed and served a claim" is before the court. (ECF No. 23.) For the reasons set forth below, the undersigned recommends the court grant the motion for default judgment.

**I. BACKGROUND**

At approximately 2:00 p.m. on September 8, 2020, the 1979 26' Cal Sailboat bearing Hull Identification Number CABAO138M781 ("the Vessel") came loose from its moorings at Camp Richardson Marina on Lake Tahoe and is believed to have collided with at least two other vessels also loose from their moorings, resulting in damages to the vessels. (ECF No. 1 at ¶ 8.) All three

1  vessels were found beached shortly after the windstorm. (Id.) No persons were on board and no
2  injuries were reported. (Id. at ¶¶ 11, 12.)
3       One of the vessels damaged as a result of the incident was a 1998 24' Chris-Craft ("Cris-
4  Craft") owned by Seth Nickles. (ECF No. 1 at ¶ 9.) Mr. Nickles, the owner of the Chris-Craft,
5  filed a claim against limitation plaintiff and/or the Vessel for damages, losses or injuries. (Id. at ¶
6  16.) The third vessel is believed to have transported it to an unidentified location for repairs, and
7  its year, make, model, and owner are unknown. (Id. at ¶ 10.)
8       On March 9, 2021, limitation plaintiff filed this action under the Limitation of Liability
9  Act, 46 U.S.C. § 30511, and simultaneously requested an order directing the issuance of a
10 monition and restraining all suits. (ECF. Nos. 1, 4.)
11      On April 23, 2021, the district judge assigned to this case found plaintiff had complied
12 with Supplemental Admiralty and Maritime Claims Rule F. (ECF No. 6.) The court restrained
13 other suits, ordered notice of this action to be published in the Tahoe Daily Tribune, and
14 admonished any claimants to answer and file their claims within 30 days. (ECF Nos. 8, 9.)
15      Notice of this suit was published in the Tahoe Daily Tribune across four consecutive
16 Mondays in May. (ECF No. 12.) No answers, claims, or third-party complaints have been filed.
17      Plaintiff in limitation requested entry of default against all non-appearing claimants. (ECF
18 No. 19.) Pursuant to plaintiff's request, on November 3, 2021, the Clerk of Court entered a
19 default as to all non-appearing claimants who had not filed and served their claims or answers in
20 this lawsuit before the court-ordered deadline of June 27, 2021. (ECF No. 20.) On December 7,
21 2021, limitation plaintiff filed the instant motion for default judgment. (ECF No. 23.)
22 **II. LEGAL STANDARDS**
23      The Supplemental Rules for Admiralty or Maritime Claims ("FRCP Supp. Rules") govern
24 the procedures in an action to exonerate or limit liability from claims arising out of maritime
25 accidents. FRCP Supp. Rule A(1)(iv). "The Federal Rules of Civil Procedure also apply… except
26 to the extent they are inconsistent with [the] Supplemental Rules." FRCP Supp. Rule A(2).
27 Because there is no Supplemental Rule on point for default judgment, this motion is governed by
28 Federal Rule of Civil Procedure, Rule 55.

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought if that party fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). The decision to grant or deny an application for default judgment lies within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Once default is entered, well-pleaded factual allegations in the operative complaint are generally taken as true except for the allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the court may require the moving party to produce evidence in support of the emotion for default judgment. See TeleVideo Sys., Inc., 826 F.2d at 917-18.

Default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). In making the determination whether to grant a motion for default judgment, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

**III.  DISCUSSION**

Limitation plaintiff, the owner of the vessel, filed this action under the court's admiralty jurisdiction, seeking exoneration from liability, or limitation thereof, under 46 U.S.C. section 30501, et seq. "The owner of a vessel may bring a civil action in a district court of United States for limitation of liability" by filing a claim no later than six months after a limitation plaintiff receives a claim in writing. 46 U.S.C. § 30511. A limitation plaintiff must meet certain pleading

3

requirements and must give a deposit and security for costs and interest. FRCP Supp. Rule F(1). Upon compliance with subsection (1) of Rule F, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Id. at subsection 3.

### A. Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. Such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, the non-appearing parties failed to submit claims by the deadline, despite the requisite notice being given. Without default judgment, limitation plaintiff would continue to be exposed to liability and would not be afforded the protections of the Act. See, e.g., Matter of Duley, No. 8:16-cv-00135-JLS-DFM, 2017 WL 8180609, at *2 (C.D. Cal. July 11, 2017) (finding "no just reason for delay in entering a judgment against those who have not yet submitted claims"). Thus, the possibility of prejudice to plaintiff weighs in favor of entering default judgment.

#### 2. Merits of the Substantive Claim and the Sufficiency of the Complaint

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together due to the relatedness of the inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Here, limitation plaintiff seeks a declaratory judgment exonerating plaintiff from liability for the events surrounding the September 8, 2020 collision. The district judge assigned to this case has determined the allegations of the complaint satisfy the special pleading requirements of FRCP Supp. Rule F. (ECF No. 6 at 2-3.) Accordingly, the merits of the claim and sufficiency of the complaint favor default judgment. See, e.g., Duley, 2017 WL 8180609 at *2 (noting that upon a showing of compliance with the Supplemental Rules, "courts regularly grant a default judgment against claimants who do not answer.").

////

### 3. The Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, plaintiff seeks declaratory relief against the non-appearing parties exonerating plaintiff from all liability for all claims arising out of the September 8, 2020 incident. (ECF No. 23-3.) Plaintiff does not seek monetary relief. This factor weighs in favor of granting the default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Limitation plaintiff has provided the court with well-pleaded allegations supporting the complaint's assertions. The court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default. Thus, for default purposes there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.

### 5. Whether the Default Was Due to Excusable Neglect

The record contains no indication that defendant's default was due to excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

There is no indication the default of the non-appearing claimants is the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. The non-appearing claimants have had ample notice of this lawsuit. Limitation plaintiff followed the dictates of FRCP Supp. Rule F and the district court's orders in providing notice to all possible known claimants (ECF No. 11), as well as publication notice to any unknown claimants (ECF No. 12). No claimants have appeared or requested additional time for any purpose. This factor favors the entry of a default judgment.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citation omitted); see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Rule 55 allows a court to decide a case before the merits are heard if defendant fails to appear and defend. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, default judgment will serve the interests of justice because it will "facilitate the apportionment of whatever funds are available for the [existing] claimants." Duley, 2017 WL 8180609, at *2.

### 7. Recommendation

Taken together, the Eitel factors support granting the request for default judgment. It is therefore recommended that a default judgment be entered.

### B. Remedies

A default judgment should be entered against all non-appearing claimants who did not file and serve their claims or answers in this lawsuit before the court-ordered deadline of June 27, 2021 ("Non-Appearing Claimants"). The undersigned recommends limitation plaintiff be completely exonerated from all liability for any injuries, deaths, losses, or damages that the Non-Appearing Claimants may allege to have sustained or may have actually sustained arising out of, resulting from, or in any manner connected with the collision(s) occurring on or about September 8, 2020, on the navigable waters of Lake Tahoe between the Vessel, her engines, tackle, appurtenances, etc. and the other vessels.

### IV. CONCLUSION

Accordingly, it is HEREBY RECOMMENDED:

1. Limitation plaintiff's Motion for Default Judgment (ECF No. 23) be GRANTED.
2. Default judgment be ENTERED in favor of limitation plaintiff Jason Munson and against all non-appearing claimants, known and unknown, who did not file and serve their claims and answers on or before June 27, 2021.

3. Limitation plaintiff be exonerated from liability for all claims arising out of the collision(s) involving the 1979 26' Cal Sailboat bearing Hull Identification Number CABAO138M781, her engines, tackle, appurtenances, etc., that occurred on or about September 8, 2020.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 25, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Munson21cv418.mdj